## WESTERN CASUALTY & SURETY CO. v. BEVERFORDEN.

### No. 10876.

Circuit Court of Appeals, Eighth Circuit.

Dec. 14, 1937.

Paul C. Sprinkle, of Kansas City, Mo. (Sprinkle & Knowles, of Kansas City, Mo., on the brief), for appellant.

J. Francis O'Sullivan, of Kansas City, Mo. (O. H. Stevens, John M. P. Miller,

and Al Mendelson, all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, the Western Casualty & Surety Company, brought this proceeding against the appellee, Burkie Beverforden, under the Declaratory Judgment Act, Judicial Code, § 274d, as amended, 28 U.S.C.A. § 400, to secure a declaration that, under a policy of automobile liability insurance issued by appellant to the B. Gorman Furniture Company, it (appellant) was not obligated to pay a $12,000 judgment which the appellee had obtained against Dorothy Shelton in an action for personal injuries. From an order dismissing its complaint, this appeal was taken by appellant.

In addition to the jurisdictional facts, the complaint alleges: That the policy in suit was on February 13, 1934, issued to the B. Gorman Furniture Company; that the insurance was against loss from liability imposed by law incident to the maintenance or use of any of the automobiles described in the policy; and that the policy contained this provision:

"The insurance provided by this Policy shall be available in the same manner and under the same conditions as it is available to the named Assured, to any person operating, and/or any other person, while riding in, and/or to any other person, firm or corporation legally responsible for the operation of, any of the automobiles described in the Schedule of Statements, provided such use or operation is lawful and with the permission of the named Assured, or any adult member of the named Assured's household other than a chauffeur or a domestic servant. * * *"

That on or about October 6, 1934, Joe Gorman, an employee of the assured, without its knowledge or consent, delivered to Dorothy Shelton a Chevrolet automobile described in and covered by the policy. That while Dorothy Shelton was using this car upon her own business and for her own private purposes, it was involved in a collision with another car in which appellee was riding. That the appellee then brought suit in the circuit court of Jackson county, Mo., against Joe Gorman and Dorothy Shelton to recover damages for personal injuries sustained in the collision. That appellant notified Dorothy Shelton that its policy did not cover her, but that, since she was sued with Joe Gorman, it would defend her without charge, although no judgment against her would be paid by it. That no service of summons was had upon Joe Gorman in the suit in the state court, but that appellant, nevertheless, defended Dorothy Shelton, against whom the appellee ultimately recovered judgment for $12,000. That at the time of the trial of the suit in the state court, appellee contended that Dorothy Shelton was covered by the policy in suit, and that any judgment that she procured against Dorothy Shelton would be collected from appellant. That if a motion for a new trial, made by Dorothy Shelton and pending in the state court, was overruled, an appeal would have to be taken or the appellee, who was plaintiff in the state court suit, would seek to recover her judgment against Dorothy Shelton from the appellant either by garnishment or by a direct suit. That appellee's husband and sister had each filed suit against Dorothy Shelton for damages; that their cases have not been tried, but that the same demands will be made and the same position will be taken by them upon the trial of their cases. That the benefits of the policy did not inure to Dorothy Shelton, because, at the time of the accident in which the appellee was involved, the car covered by the policy and driven by Dorothy Shelton was not being operated by, on behalf of, or for the Gorman Furniture Company, the assured, but was being operated by Dorothy Shelton for her own purposes and pleasure, and without the knowledge, consent, or authority of the assured or of any person representing the assured and having the right to consent that the car be so used by her. The prayer of the complaint is that the court enter a judgment declaring that the policy in suit does not cover Dorothy Shelton or the appellee.

The appellee's motion to dismiss was based upon the following grounds: (1) That the complaint states no cause of action under the Declaratory Judgment Act. (2) That it affirmatively appears upon the face of the complaint that appellant's policy, by its terms, covered Dorothy Shelton while she was in possession of the assured's automobile. (3) That appellant's conduct in assuming the defense of Dorothy Shelton constituted a waiver of its right to deny its liability, and it may not now assert that its policy did not cover Dorothy Shelton while she was in possession of the assured's

car. (4) That appellant has an adequate remedy at law.

■■ The motion to dismiss, of course, admits all material facts well pleaded. Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131, 133; Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329. The question, then, is whether, upon the facts stated and admitted, the order of dismissal can be sustained for the reason given by the trial court (the existence of an adequate remedy at law) or for any other valid reason. City of St. Paul v. Certain Lands in City of St. Paul, Minn., 8 Cir., 48 F.2d 805, 807; Crossett Lumber Co. v. United States, 8 Cir., 87 F.2d 930, 932, 109 A.L.R. 1348.

■■ That an "actual controversy" exists between appellant and appellee within the meaning of the Declaratory Judgment Act is not and cannot be controverted. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. The facts stated in the complaint show the existence of this controversy and how it has arisen. It does not conclusively appear from the face of the complaint that the policy in suit covered Dorothy Shelton.

The appellee contends, however, that the complaint was properly dismissed because of (1) a deficiency of parties defendant, (2) an estoppel to deny liability, and (3) an adequate remedy at law.

■■ The trial court was of the opinion that the right of the appellant to assert that its policy did not cover Dorothy Shelton and her liability to the appellee, as a defense to any action at law which might be brought by the appellee against the appellant to recover the amount of her judgment, would preclude the appellant from maintaining this proceeding. This court, in Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261, has held to the contrary. In that case it was said (page 263 of 89 F.2d):

"The argument is that the Insurance Company may wait until it has been sued and can then defend itself, so that it must be deemed to have adequate remedy without resort to this declaratory judgment suit. It is not contended that there is any other procedure open to the Insurance Company by which it could presently obtain relief from the claims and demands which it alleges the defendant is wrongfully making against it. The position of appellee finds some support in cases that have arisen under state laws and possibly in Zenie Bros. v. Miskend et al. (D.C.) 10 F.Supp. 779. But we find no support in the federal act. The act says nothing about limiting proceedings under it to cases where there are no other forms of action in which the rights of the parties may ultimately be determined. It refers only to 'cases of actual controversy,' and in such cases the courts of the United States are empowered to declare rights and other legal relations of any interested party petitioning for such declaration."

■ The contention of the appellee that her husband, her sister, and Dorothy Shelton were necessary parties to this suit, we think, cannot be sustained. It is true that the Uniform Declaratory Judgment Act which has been adopted by many of the states requires that all persons who have or claim an interest which would be affected by the declaration sought shall be made parties. It is also true that the courts which have been called upon to review the Uniform Declaratory Judgment Act and other state statutes of a similar nature have generally held that all interested parties must be joined. Borchard on Declaratory Judgments, p. 104; 1 C.J.S. 1050, Actions, § 18, and cases cited. Nevertheless, the Federal Declaratory Judgment Act contains no express requirement that all interested parties must be joined, and we think there is no language in the act from which such a requirement could be implied. It provides (28 U.S.C.A. § 400) that "in cases of actual controversy * * * the courts of the United States shall have power * * * to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed." If Congress intended that a declaratory judgment should only be entered in a case after all interested parties had been joined, it is fair to assume that it would have inserted in the act a provision to that effect. Not having done so, this court does not feel justified in imposing any such condition upon the maintenance of this statutory proceeding. The appellant asserts that the only person with whom it has any actual controversy with respect to its policy of insurance is the appellee; that it has no controversy with its assured, with Dorothy Shelton, or as yet with the husband or the sister of the appellee, who conceivably may never recover a judgment against Dorothy

Shelton, and that it desires no declaration of its rights except with respect to appellee. There is, we think, no defect of parties defendant which would warrant a dismissal of the complaint.

Whether the appellant has, by waiver or estoppel, foreclosed its right to assert that the liability of Dorothy Shelton to the appellee was not covered by its policy, is, we think, a matter to be determined upon evidence and not from the facts stated in the complaint.

The general rule is that waiver and estoppel are affirmative defenses to be pleaded and proved. Grouf v. State Nat. Bank, 8 Cir., 40 F.2d 2, 7; Missouri Pac. R. Co. v. Bartlett, 8 Cir., 79 F.2d 275, 279; Reilly v. Beekman, 2 Cir., 24 F.2d 791, 795; Ambruster v. Ambruster, 326 Mo. 51, 75, 31 S. W.2d 28, 77 A.L.R. 782. Where, however, facts establishing an estoppel are fully and clearly disclosed by the complaint, the issue may be disposed of on demurrer or on motion to dismiss. Post v. Beacon Vacuum Pump & Electrical Co., 1 Cir., 89 F. 1, 4; Koewing v. Greene County Building & Loan Ass'n, 327 Mo. 680, 38 S.W.2d 40, 42; Stone v. Cook, 179 Mo. 534, 548, 78 S.W. 801, 64 L.R.A. 287.

The complaint shows that the appellant defended Dorothy Shelton on notice to her that it would pay no judgment recovered against her, because she was not covered by its policy. A waiver is a voluntary relinquishment of a known right, the "intended giving up of a known privilege or power." John Alt Furniture Co. v. Maryland Casualty Co., 8 Cir., 88 F.2d 36, 41. The conditional defense of Dorothy Shelton by the appellant would, we think, not constitute an assumption of liability by the appellant or a waiver of its right to deny its liability to the appellee for the judgment obtained.

The conduct of the appellant, so far as it is disclosed by the complaint, does not conclusively establish an estoppel, since there is no allegation in the complaint to support a conclusion that the appellee relied upon appellant's conduct or was misled by it to her prejudice, which are essential elements of estoppel. John Alt Furniture Co. v. Maryland Casualty Co., supra.

The order appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.