OHIO CASUALTY INS. CO. v. MALONEY
et al.

Civ. A. No. 2366.

District Court, E. D. Pennsylvania.
March 5, 1942.

Henry S. Ambler, of Philadelphia, Pa., for plaintiff.

A. Archer Cross, of Philadelphia, Pa., for defendants Joseph F. Levins, James J. Carlin, Grace C. Carlin, Howard Farrell, Helen Cassidy, Leonard Mainard, John Schultz, Evelyn Kiker and John Fenerty.

Joseph F. M. Baldi, 2nd, of Philadelphia, Pa., for defendant LuLu McDermott.

Thomas H. Lee, of Philadelphia, Pa., for defendants William Konowal, a minor, etc., and John Konowal in his own right.

MOORE, District Judge.

This is an action for a declaratory judgment brought by the Ohio Casualty Insurance Company under Section 274d of the Judicial Code, as amended, 28 U.S.C.A. § 400. The plaintiff asks a declaration of its rights, liabilities and other legal relations with respect to an automobile liability policy issued by it on automobiles and trucks of Keystone Dairies, Inc. De-

fendants other than Joseph W. Maloney and Geraldine McBride have filed motions to dismiss the complaint on the grounds that it does not allege any prospective controversy between the plaintiff and the movants; nor that the defendants have recovered any judgment against any person protected by plaintiff's contract for insurance; that no basis for equitable relief against the movants is set out; and that the plaintiff has a full, complete and adequate remedy at law.

The policy of insurance under consideration contains among others the following provisions:

"Definition of 'Assured'"

"The unqualified word 'Assured' wherever used in Coverages 'H' and 'J' and in other parts of this policy, when applicable to such coverages, includes not only the Named Assured but also any person, while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial' each as defined herein, and provided further that the actual use is with the permission of the Named Assured. * * *

"(b) the term 'commercial' is defined as use principally in the Named Assured's business occupation as stated in Item 6, including occasional use for personal, pleasure, family and other business purposes."

The occupation of the Keystone Dairies, Inc., as stated in Item 6 of the policy is "Milk Depot".

The complaint alleges that the defendant Joseph W. Maloney, an employee of the Keystone Dairies, Inc., hired for the purpose of delivering milk, on Sunday, the 24th day of August, 1941, after he had completed his work for his employer on that day and had left its premises, later returned to the premises and, for his own benefit, use and pleasure, without the knowledge, permission or consent of the Keystone Dairies, Inc., took one of his employer's trucks, which he used to transport a quantity of beer to a picnic. It is further alleged that while Maloney was returning from the picnic with the truck and the empty beer containers he was involved in an accident with two other automobiles, which accident resulted in injuries to the other defendants; and that the other defendants assert that the insurance policy covers the liability of Joseph W. Maloney resulting from the accident, and demand that the plaintiff assume such liability; which liability the plaintiff denies.

The determination of plaintiff's right to maintain this proceeding for a declaratory judgment must turn upon the question of whether or not an actual controversy exists between the plaintiff and the defendants. The applicable statute reads as follows, Judicial Code, Section 274d, 28 U.S.C.A. § 400: "(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

From an examination of the briefs submitted by counsel, both for plaintiff and defendants, one might conclude that there is a dearth of precedents applicable to the situation presented by the complaint. The only case cited by defendants is Ohio Casualty Ins. Co. v. Marr 10 Cir., 1938, 98 F.2d 973. That case is not in point because there the insured did not charge in its complaint that an accident had actually occurred, but merely referred to an "alleged accident" which it contended had not happened. The affirmation of the district court's decree dismissing the bill of complaint was therefore based upon the ground that the plaintiff was attempting to procure a declaratory judgment upon a hypothetical controversy rather than an actual one.

Plaintiff's brief is even more barren, since it cites no case to sustain its right to maintain the present proceeding. However, it is well settled that where there is a definite and concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 723, 49 S.Ct. 499, 73 L.Ed. 918.

Here there is a dispute between parties who face each other in an adversary proceeding. It is not necessary

that any of the defendants should have obtained a judgment or even started an action against the plaintiff. It is enough that they have asserted claims against the plaintiff grounded on the provisions of the insurance policy. The Declaratory Judgment Act is procedural. Its purpose is to adjust controversies which are in esse but not actually crystallized in litigation. Maryland Casualty Co. v. Tindall, D.C., 30 F. Supp. 949.

■ The policy contains the "omnibus" clause set out above, which extends the protection of the policy to any person using an automobile covered thereby with the permission of the insured. The defendants, according to the allegations of the complaint, having asserted that the policy insures Joseph W. Maloney, and having demanded that the plaintiff assume liability for Maloney, and the plaintiff having denied such liability, an actual controversy exists, and the plaintiff is entitled to have the question adjudicated whether under the provisions of the "omnibus" clause and under the facts alleged in the complaint, if proved, any liability may now or hereafter attach to it by reason of the accident which is stated to have occurred. Ætna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Commercial Casualty Ins. v. Humphrey et al., D.C., 13 F.Supp. 174; Ohio Casualty Ins. Co. v. Plummer, D.C., 13 F.Supp. 169.

The trend of the cases dealing with declaratory judgment acts is to extend their benefit to parties whose interests are challenged or in jeopardy even before a right of action exists or cause of action accrues. Thus it is said by Borchard in his work on Declaratory Judgments (1934) p. 36: "The opposition to the plaintiff's demand must come from a source competent legally to jeopardize his right. Where, however, that is conceded, it still remains to determine whether the plaintiff has a sufficient interest, pecuniary or personal, to institute a proceeding worthy of judicial relief. He must show that his rights are in direct issue or jeopardy; and incidental thereto, must show that the facts are sufficiently complete, mature, proximate, and ripe to place him in gear with his adversary, and this to warrant the grant of judicial relief. Just when the controversy has reached the state of maturity cannot be a priori defined."

There is a wealth of authority recognizing the right to a judicial declaration of liability or nonliability in the field of liability insurance upon the happening of an accident. Some of the representative cases are Ætna Life Ins. Co. v. Williams, 1937, 8 Cir., 88 F.2d 929; Central Surety & Insurance Corporation v. Caswell, 5 Cir., 1937, 91 F.2d 607; Columbian National Life Insurance Co. v. Foulke, 8 Cir., 1937, 89 F.2d 261; Stephenson v. Equitable Life Assurance Society of U. S., 4 Cir., 1937, 92 F.2d 406; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 4 Cir., 1937, 92 F.2d 838; Carpenter v. Edmonson, 5 Cir., 1937, 92 F.2d 895; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 1937, 93 F.2d 166; Maryland Casualty Co. v. Hubbard, D. C., 22 F.Supp. 697.

■ It is argued, though not made one of the grounds of the motion to dismiss, that the Keystone Dairies, Inc., should have been made a party to this proceeding. The Uniform Declaratory Judgment Act which is in force in many states contains a requirement that all persons who have or claim an interest which would be affected by the declaration sought shall be made parties. The Federal Declaratory Judgment Act contains no such requirement. I think it is sufficient if those persons be joined as parties defendant with whom the plaintiff has an actual controversy. Western Casualty & Surety Co. v. Beverforden, supra. In the instant case, there is no controversy between the plaintiff and the Keystone Dairies, Inc.; neither is the proceeding aimed at adjudication of any rights as between any of the defendants and the Keystone Dairies, Inc. Such rights, if any, will be unaffected by the judgment rendered in this case. The controversy being, as alleged in the complaint, only as to whether or not Joseph W. Maloney as operator of one of the trucks of the Keystone Dairies, Inc., which was insured by the plaintiff, is covered and protected by the terms of the insurance policy, the judgment rendered in this case will settle that question and no other.

■ The fact that a suit must be brought and successfully prosecuted by the defendants against Maloney before the asserted liability upon the insurer could attach does not alter the situation. The insurance policy filed with the complaint contains a provision requiring the insurer to defend any suit brought against the in-

sured (or, by extension in the "omnibus" clause, against any person using the automobile with the permission of the insured). The insurer, denying as it does that the coverage of the policy extends to Maloney under the facts set out in the complaint, is entitled to have the legal relation between itself and Maloney determined in order that it may proceed with knowledge of its rights, either to defend or decline to defend any actions for damages which may be brought by any of the other defendants against Maloney in accordance with the decision to be rendered in the instant case defining its rights and obligations in that behalf.

The motions to dismiss the complaint will be denied. An order may be entered in accordance with this opinion.