GLENS FALLS INDEMNITY CO. v. FREDERICKSEN et al.

Civ. No. 105–47.

District Court, D. Nebraska, Omaha Division.

Dec. 31, 1947.

H. B. White of Omaha, Neb., for plaintiff.

Walsh & O'Connor, of Omaha, Neb., for defendant, Lawrence Fredericksen, adm'r.

J. D. Cranny and J. P. Moore, both of Omaha, Neb., for defendant, Nioma Waskel, adm'x.

E. D. O'Sullivan, of Omaha, Neb., for defendant, Martha E. Claussen, adm'x.

DELEHANT, District Judge.

The identification of the parties to this action and of certain other persons and

corporations, the disclosure of their respective relationships to the events leading up to the proceeding, and the very brief narration of those facts that are yet unchallenged will promote an understanding of the setting in which the two questions now before the court are laid.

The plaintiff, a New York corporation, engaged in the writing of automobile liability insurance in Nebraska, among other states, on April 11, 1947 issued to Live Stock National Bank, a national banking association, located at Omaha, Nebraska, hereinafter referred to as "the bank", its contract or policy of insurance whereunder it undertook to pay for the "insured" damages not exceeding $300,000 in respect of each person and a like sum in respect of each accident, imposed by law for personal injury to or death of any person or persons incident to the ownership, maintenance or use of certain designated automobiles. With certain irrelevant exceptions, the policy defined the word "insured", as including "the named assured and also * * * any person while using an owned * * * automobile and any person * * * legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured." The policy remained in effect at all times material herein. On May 6, 1947 Mayburn H. Daykin was an employe of the bank. On that date, while he was driving an automobile of the bank within the general coverage of the policy, in which Peter J. Waskel and Herman M. Claussen were riding, a collision occurred between a train of Chicago and Northwestern Railway Company, a corporation, hereafter referred to as "the railway company", operated by one L. A. Sorby as its engineer. In the collision Daykin, Waskel and Claussen were killed. The several defendants above identified were seasonably appointed as the personal representatives of the estates of their respective intestates. They, the bank Title 28 U.S.C.A. § 41(16), and Sorby are, and the three decedents at the times of their deaths were, residents and citizens of Nebraska. The railway company is a citizen of a state other than Nebraska.

To recover judgment for damages resulting from the death of Waskel, the defendant Nioma Waskel, as administratrix, instituted, and on the filing of this action had pending, in the District Court of Douglas County, Nebraska an obviously non-removable suit against the bank, the defendant Lawrence Fredericksen, Administrator of the estate of Mayburn H. Daykin, deceased, the railway company and Sorby, in which she alleged generally the bank's employment of Daykin, his use at the time of the collision of the automobile both (a) in the scope of his employment and in furtherance of the bank's business, and (b) with the bank's permission; attributed the collision and Waskel's death to the gross negligence of Daykin, in the premises, and to negligence concurrent therewith of the railway company and Sorby, and prayed for judgment against all of the defendants to her suit.

The defendant, Martha E. Claussen, administratrix claims to have the right to institute, but at the time of hearing herein had not instituted an action generally of similar character to recover judgment for damages resulting from the death of Claussen.

In that situation, the plaintiff, on October 28, 1947 instituted this action for a declaratory judgment under Title 28 U.S.C.A. § 400 against the three defendants designated in the caption of this memorandum. In its complaint it set out the foregoing factual narrative, and further alleged a controversy between Fredericksen, as administrator, and itself over coverage in behalf of Daykin's estate under the policy, in that Fredericksen claims that, by virtue of its language hereinbefore quoted, the policy inures to the benefit of the Daykin estate as an additional insured, and that the plaintiff, at its sole cost and expense, is obligated to defend the Daykin estate against suits or claims or both arising out of the collision and to pay any judgment rendered in any such suit against that estate, while the plaintiff wholly denies that claim of coverage and the conclusions resulting therefrom, and, on its part, claims that Daykin's use of the automobile on the occasion of the collision

was without the permission or authority of the bank or any of its officers. The complaint then analyzes the possibility and threat of sundry further suits arising or to arise in consequence of the Waskel and Claussen claims. It prays first for a declaratory judgment absolving it from liability as an insurer for the benefit of the Daykin estate, for the defense of suits against that estate, or the payment of judgments therein, arising out of the collision; secondly, for injunctive relief against the further prosecution of the Waskel suit pending the final determination of this case by this court; thirdly, for injunctive relief, during a like period against the institution of any suit upon the Claussen claim; and for costs.

The plaintiff promptly sought herein a restraining order (really demanding a preliminary injunction) against the prosecution of the Waskel suit and the institution of the anticipated Claussen suit; and, by order to show cause, that issue was set for hearing. Counsel for the several defendants appeared at the hearing and resisted the demand of the plaintiff. Meanwhile, the defendants Waskel and Claussen, as administratrices had filed a motion to dismiss this action, in which the defendant Fredericksen, as administrator, had joined. And that motion was submitted concurrently with the plaintiff's request for an injunctive order. Counsel have subsequently delivered to the court exhaustive briefs upon both issues; and they are in position for determination.

It will be obvious that the motion to dismiss, though it was tendered as the later of the two questions, is logically entitled to prior determination. If it were well taken, the question of injunctive relief would be dissipated by the imperatively required order of dismissal.

The motion to dismiss is grounded upon the denial of the jurisdiction of this court over the subject matter of the action; and that denial rests principally upon the defendants' contention that the bank is an indispensable party to the action, and as such must be associated, either in the first instance or through mandatory alignment of parties in accordance with their actual positions, with the plaintiff, thus destroying the diversity of citizenship, which, otherwise, exists.

Whether jurisdiction of subject matter is challenged or not, the court is under the obligation of inquiring into it in every case. That has been done on the present occasion, and, reserving for the moment, the point mentioned in the last previous paragraph, there is no doubt of the court's jurisdiction.

There is unquestioned diversity of citizenship as between the plaintiff on the one hand and the designated defendants on the other; and, both in the demand of the party plaintiff in the suit pending in the state court, and in the more significant limits of coverage under the policy, Mutual Life Ins. Co. v. Moyle, D.C.S.C., 34 F. Supp. 127; Travelers Insurance Co. v. Young, D.C.N.J., 18 F.Supp. 450; Associated Indemnity Corporation v. Carrow Co., D.C.N.Y., 39 F.Supp. 100; New Century Casualty Co. v. Chase, D.C.W.Va., 39 F.Supp. 768; Commercial Casualty Ins. Co. v. Humphrey, D.C.Tex., 13 F.Supp. 174, the statutory jurisdictional minimum value is in controversy within the meaning of Title 28 U.S.C.A. § 41(1) (c).

The requisite diversity of citizenship and a controversy involving the jurisdictional amount being present, the situation is apt for the employment of the declaratory judgment procedure under Title 28 U.S.C.A. § 400. Within the meaning of the cited statute, an actual controversy is alleged in the complaint, and presumably exists between the plaintiff on the one hand, and, on the other, the personal representative of the Daykin estate and his codefendants who have an interest in the maintenance of his contention. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Ætna Life Ins. Co. v. Williams, 8 Cir., 88 F.2d 929; Columbian National Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261. Two separate claims, one already in litigation, the other threatened, and the declared dispute over

coverage attest both the actuality and activity of the controversy.

■ It is clear, too, that neither the pendency of a case in another court, in and of itself nor the availability of another remedy, nor both such factors in combination will oust this court's jurisdiction to grant relief by a declaratory decree, if jurisdiction be otherwise demonstrable. Excess Ins. Co. v. Brillhart, 10 Cir., 121 F.2d 776, Same v. Same, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Columbian National Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F. 2d 665. It need only be noted that the determination of the suit in the state court obviously will not resolve the question involved in the controversy between the plaintiff here and Daykin's administrator.

Nor, in the court's opinion, is its jurisdiction defeated upon the ground that the bank is an indispensable party to this action, and its presence, aligned with the plaintiff, would destroy the diversity of citizenship that is requisite for jurisdiction. The court cannot grant the major premise of that argument; for it considers that the bank is not a necessary party to an action based on the only controversy on which the present litigation rests. No controversy exists between any persons or corporations respecting the coverage of the policy in favor of the bank, if the bank is liable to either of the claimants; or respecting the obligation of the plaintiff to defend the bank against any claim, whether valid or otherwise, that may arise out of the collision. The only controversy before this court is that which arises between the plaintiff and Daykin's administrator respecting Daykin's protection under the policy. The factual question underlying it is whether, on the critical occasion, Daykin was using the automobile on the business, or with the permission, of the bank. If that question in either of its aspects be answered affirmatively, the coverage of the policy apparently extended to him; if it be answered negatively in both of its phases, he was seemingly without coverage.

That controversy is primarily between the plaintiff and Daykin's administrator, secondarily between the plaintiff and the two claimant defendants. The bank, itself protected under the policy in any event, is not involved in or concerned about any dispute between the plaintiff and Daykin's personal representative touching Daykin's coverage. The parties really interested and participating in the controversy are before the court.

The reported opinions drawn to the court's attention by counsel in support of their divergent positions upon the consequence of the omission of the bank from the parties to this proceeding have been given careful consideration. Many of them are without any discernible present pertinence. Among these are cases arising in jurisdictions where, by statute or ordinance or under the administrable common law, or by the contract of insurance itself, a joint liability is imposed upon the insurer in policies of the character involved here and the person or persons within its protection. It may be observed without question that no such factor is involved in this case and that there is no direct liability against the plaintiff insurer in favor of any claimant against its insured, either by statute, by judicial decision or by contract. In other cited cases the insurers had voluntarily included the beneficiaries under their policies with whom they had no controversies as defendants, and on realignment of parties, encountered dismissal for want of diversity of citizenship. On such occasions the courts simply took the parties as the plaintiff invoking jurisdiction summoned them.

But a different situation exists here. The court considers it to be within the reach of the decision in Western Casualty & Surety Co. v. Beverforden, 8 cir., 93 F.2d 166. See also Ohio Casualty Co. v. Maloney, D.C.Pa., 44 F.Supp. 312. And compare for pertinent reasoning, Goldwyn v. United Artists Corporation, 3 cir., 113 F.2d 703, and Greer v. Scearce, D.C.Me., 53 F.Supp. 807.

■ Recognizing the implications of the Beverforden case, supra, the defendants argue that it was decided in 1937 and that,

in consequence of the subsequently operative Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it has become obsolete. Their argument is that Rule 57 brings the procedure in an action to obtain a declaratory judgment within the operation of the rules, and that Rule 19(a) dealing with the joinder of necessary parties becomes applicable. That is undoubtedly true, and it was so declared in Goldwyn v. United Artists Corporation, supra. But it does not have the consequence which the defendants claim for it. Because Rule 19(a) incorporates Rule 19(b) as a limitation of itself, the two subdivisions are now quoted:

"Rule 19. Necessary Joinder of Parties

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

Rule 23 has to do with class actions, and is irrelevant at the moment. It will thus be seen that Rule 19(a) requires the joinder only of "persons having a joint interest." And, surely no one will contend that the bank has a joint interest with any other conceivable person or corporation involved in the setting of this case. Nor should a court disregard the express care of section 19(b) to safeguard jurisdiction in the bringing in of dispensable persons who ought to be brought in if complete relief is to be accorded between those already parties.

■ It will be sufficient to say that this court's conclusion that the bank is not a necessary party defendant in this action does not rest alone upon the absence from the Federal Declaratory Judgments Act of a provision directly prescribing the parties necessary to proceedings within its purpose. It rests also upon the broader ground that in this case, the court, without the presence before it of the bank, will be able completely and finally to adjudicate and determine the only controversy inspiring the proceeding, as to all parties having even the slightest real interest in that controversy. Those persons are already here.

■ The three remaining assignments in the motion to dismiss of reasons for its allowance have to do with the fact that, in, and as a part of it, its defense to the Waskel suit pending in the Nebraska state court, the bank, among other defenses, has asserted essentially the same allegations in denial of its own liability for damages for Waskel's death, which the plaintiff here asserts as a basis of its dispute with Daykin's administrator over the coverage of the policy. And it is urged that the plaintiff is making the bank's defense in that suit, and by its course in pleading therein, has elected to proceed in the state court, and thereby precluded its recourse to this court in the present case. The assignments are completely without merit, at least in the present state of the record, upon a motion to dismiss. The plaintiff in that case is defending its named assured, as it is obliged to do, resorting to such defenses as the bank may have. There is no action amounting to an election involved in such a course. Western Casualty & Surety Co. v. Beverforden, supra.

The motion to dismiss is being denied.

■ But so also is the plaintiff's demand for injunctive relief against the

prosecution of the Waskel suit in the state court. It may be said very briefly that in the light of both the ruling and the discussion in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 310, 85 L.Ed. 326, it is now gravely doubtful whether the right exists to enjoin the prosecution of a proceeding in a state court as an incident to the jurisdiction of this court to grant relief by way of a declaratory judgment. See also, though in a somewhat different context, the historical study in Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Title 28 U.S.C.A. § 379; Central Surety & Insurance Corporation v. Norris, 5 Cir., 103 F.2d 116; Maryland Casualty Co. v. Consumers Finance Service Inc., 3 Cir., 101 F.2d 514; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665. And the court rejects the plaintiff's contention that Title 28 U.S.C.A. § 379 forbids the enjoining of the state courts as such from proceeding with suits therein, but not of parties to those suits. The statute is not so phrased. It forbids, irrespective of the identification of the persons enjoined, the granting by any court of the United States of an injunction "to stay proceedings in any court of a State." And that extends to injunctions directed to parties to such proceedings in the state courts. Diggs v. Wolcott, 4 Cranch 179, 2 L.Ed. 587; Peck v. Jenness, 7 Howard 612, 12 L.Ed. 841; Haines v. Carpenter, 91 U.S. 254, 23 L.Ed. 345; Dial v. Reynolds, 96 U.S. 340, 24 L.Ed. 644; Coeur D'Alene R. & Nav. Co. v. Spalding, 9 Cir., 93 F. 280, certiorari denied 174 U.S. 801, 19 S.Ct. 884, 43 L.Ed. 1187; Whitney v. Wilder, 5 Cir., 54 F. 554; Allen v. American Fidelity & Casualty Co., 5 Cir., 80 F.2d 458; United Electrical Radio & Mach. Workers v. Westinghouse Electric Corporation, D.C.Pa., 65 F.Supp. 420, and Carras v. Monaghan, D.C.Pa., 65 F.Supp. 638. And let it be borne in mind that the injunctive orders sought and denied for want of power under Title 28 U.S.C.A. § 379, in Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, and Toucey v. New York Life Ins. Co., supra, were, from the identity of the parties to the respective cases, designed to restrain parties to state actions only, not state courts. The professed distinction is devoid of difference or merit.

■ At this point, however, the denial of injunctive relief should be, and is placed on a more immediate ground. Even if the power to enjoin be granted, the court, in the exercise of the discretion with which it is clothed, would not, in this instance enjoin the prosecution of the pending case in the state court. This action concerns only a narrow—though to the plaintiff important—phase of the state court case, and not an actual issue before the state court, but only an asserted obligation resting upon the plaintiff here as an incident to that case. The duties and obligations, if any, of the plaintiff here to the Daykin estate are the heart and burden of this case. They are not at all involved, let it be emphasized, in the case being prosecuted by the administratrix of Waskel's estate. There Waskel's administratrix claims judgment for damages due to Waskel's death, (a) against the Daykin estate because of Daykin's alleged gross negligence in driving the automobile, (b) against the bank for Daykin's negligence on the theory of Daykin's agency for the bank in the operation of the vehicle, and (c) against the railway company and Sorby for alleged negligence in the operation of the train and the maintenance of certain railroad facilities. The plaintiff here is entirely unconcerned about her claim against the railway company and Sorby; it asserts no ground which should intercept or impede the trial of her demand against the bank. And though everything the plaintiff alleges in this court be true, it has not even the most remote relation to her right, if the facts warrant, to judgment against Daykin's estate. She has that right, if at all, irrespective of who defends the Daykin estate in the state court or who, if any one, is obliged or able to satisfy a judgment against it. And she has a right to the prompt trial of her case.

It may be added that the other parties to the state court suit have an equal right to a punctual trial of that pending action. Delay invites the death, mental failure,

removal or loss of memory of witnesses. It is expensive, annoying and distressing. Justice delayed is, in very truth justice denied.

Everything that has been said in rejection of the· plaintiff's prayer for an injunction staying the prosecution of the Waskel suit, applies to the institution and prosecution of suit upon the Claussen claim, with one exception. No suit is yet pending in a state court upon the Claussen claim. So, Title 28 U.S.C.A. § 379 and the authorities applying it are probably inapplicable to the plaintiff's demand for injunctive relief against its presentation or prosecution.

But, in addition to the operative remainder of the foregoing discussion, the Nebraska statute limiting the period for the institution of an action to recover damages for death by wrongful act is to be considered in behalf of the Claussen estate. That period is two years from the death of the decedent, Section 30-810, R.S.Neb. 1943. This court is unwilling to require the administratrix of that estate to forbear in the institution of her suit in peril of the lapse of that interval, during the uncertain period of the pendency of this case.

The prayer for injunctive relief in respect of the anticipated suit in behalf of the Claussen estate is, therefore, being denied.