**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a corporation,**
**Appellant,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, a corporation, Appellee.**

**No. 8076.**

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1966.

G. L. Spence, Riverton, Wyo., for appellant.

Bard Ferrall, of Ferrall & Bloomfield, Cheyenne, Wyo., for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from a money judgment made and entered in the District of Wyoming in a declaratory judgment action, 28 U.S.C. § 2201, requiring St. Paul to contribute a proportionate share of an insurance loss. Both St. Paul and Aetna had issued automobile liability policies upon an automobile the operation of which resulted in the subject loss. The factual background is recited in the decision of the trial court, reported at 236 F.Supp. 289. We affirm the judgment for the reasons stated by the trial court with these additional comments as to St. Paul's appellate contentions.

■ Pointing to the undisputed facts that Aetna is not a named party to the contract of insurance made by St. Paul with its insured and that the insured is not joined as a party in the subject action, St. Paul asserts that jurisdiction fails. The argument misconceives the nature of declaratory relief. Section 2201 contemplates a pragmatic approach to the determination of legal relations in controversy between interested parties and a further grant of relief in those cases where such is possible and proper under section 2202. The instant case is almost classic in application. Both companies insured the same car; both insurers concede their obligation to the insured to pay the entire loss if the other does not; both policies contain pro rata payment for loss provisions. Joinder of the insured would serve no useful purpose for he is fully protected regardless of the outcome of the intercarrier controversy. The interest in adjudication is complete without joining the insured and he is not an indispensible party. See 6 Moore, Federal Practice § 57.25. The duties and rights of the insurers as to the insured's indemnity against loss created an actual controversy within the meaning of 28 U.S.C. § 2201 which could appropriately be adjudicated by a declaratory judgment action. E. g., West American Ins. Co. v. Allstate Ins. Co., 10 Cir., 295 F.2d 513; Lumbermens Mutual Casualty Co. v. Borden Co., S.D.N.Y., 241 F.Supp. 683 and cases cited therein. See Bennett v. Preferred Acc. Ins. Co., 10 Cir., 192 F.2d 748; St. Paul-Mercury Indemnity Co. v. Martin, 10 Cir., 190 F.2d 455.

■ St. Paul also protests the legal interpretation of the insurance contracts as contained in the trial court's decision and insists that the trial court has changed a fact to fit a policy rather than reform a policy to fit an undisputed fact. This argument is but an extension of St. Paul's first premise: that Aetna is not a named party to the St. Paul policy and consequently the court can look no further into the rights and duties of the companies to pay the indemnity loss. Such premise, as we have indicated, is faulty. The court's inquiry was properly directed to the rights and duties springing from the issued policies and the court correctly determined that the St. Paul policy was in force and covered the loss. Whether the mistake of St. Paul in designating the insured as the owner of the subject automobile, knowing full well that he was not, lacks legal significance because of estoppel or through reformation of "owner" to include the insured, is academic. And certain it is that St. Paul's contention that the court could only reform the policy by substituting a completely different St. Paul standard policy, which in turn must then be modified by a standard rider, which in turn made the St. Paul insurance "excess" only, is without merit in law and fact. The trial court specifically found from sufficient evidence that the insured's intent and needs were not reflected in a contract providing for excess insurance.

Affirmed.