STATE ex rel. EMCASCO INSURANCE COMPANY, a corporation, Relator,

v.

The Honorable Fred RUSH, Judge of the Circuit Court, County of St. Charles, State of Missouri, Respondent.

No. 38149.

Missouri Court of Appeals, St. Louis District, Division Three.

Jan. 4, 1977.

Evans & Dixon, Sam P. Rynearson, St. Louis, for relator.

Bruntrager & Bruntrager, P. C., St. Louis, for respondent.

SIMEONE, Judge.

## I

This is an original proceeding in mandamus brought by relator, Emcasco Insurance Company (Emcasco), to compel the respondent judge to vacate his order of April 9, 1976, by which he sustained a motion to add parties to a declaratory judgment action previously filed by relator. We have jurisdiction. Article V, sec. 4, Mo.Const. We issued our alternative writ on June 18, 1976. We now make our alternative writ heretofore issued absolute.

## II

The facts are complex and the legal issues raised are difficult to resolve.

On January 30, 1975, Emcasco issued its Family Automobile Policy of Insurance to Mr. Donald C. Carter and his wife, Shirley. The policy insured a 1970 Dodge automobile owned by the Carters and provided for liability insurance and medical payments coverage.[1] The policy was in full force and effect on March 23, 1975. On that date the Dodge was being driven by Charles Stephen Davis and was involved in a one-car accident. There was some indication that at the time of the accident Davis was in the employ of Henry Steve Kirchner d/b/a Levi Standard Service Station. Several persons were passengers in the automobile at the time of the accident. They were (1) Glennon C. Halter, husband of Debra Kay Halter and the son of Charles and Mildred Halter, (2) Raymond James Miller, and (3) Larry Michael Donnelly. The driver, Charles Stephen Davis, died on March 24, 1975, as a result of injuries sustained in the accident. Glennon C. Halter also died as a result of injuries received in the accident on March 23, 1975. Donnelly and Miller were injured.

Apparently prior to the filing of any formal litigation, the relator-Emcasco, in December, 1975, filed a declaratory judgment action in St. Charles County seeking a declaration concerning its rights and liabilities. The declaratory judgment action named as defendants (1) Larry Michael Donnelly, (2) Raymond James Miller, (3) the parents of Glennon C. Halter, Charles and Mildred Halter, (4) Debra Kay Halter, and (5) Andrew McColloch, administrator of the estate of Charles Stephen Davis. The petition alleged the issuance of the policy, the accident, and named the passengers—Donnelly, Miller and Halter—who received injuries or died. It alleged that Debra Halter had asserted a claim for her husband's death and alleged that as a result of the accident Emcasco ". . . is or may be exposed to claims for bodily injury and for medical expense . . ." to Miller, Donnelly and McColloch. The petition further alleged that, although the policy included a clause extending coverage to a person using the vehicle with the permission of the insured provided the operation is within the scope of the permission,[2] Davis was not using the vehicle with the permission of the Carters and was not using the vehicle within the scope of permission extended by the Carters. As a result, Emcasco contended that the policy of insurance did not insure the ". . . liability of Charles Stephen Davis, if any . . . and [did] not obligate plaintiff for medical payments." In effect, Emcasco contended in its declaratory action that it was under no obligation to defend the estate of Davis and that the defendants be barred from asserting any claims against it on account of injuries or medical payments arising out of the accident. It there-

---

1. The policy provided that ". . . the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit it deems expedient."

2. The policy provided that the following are "insureds":

   ". . .

   (2) any other person using such automobile with the permission of the named insured, provided his actual operation or . . . his other actual use thereof is within the scope of such permission, . . . ."

fore sought a judicial declaration that (1) the policy of insurance issued to the Carters ". . . [did] not apply to the accident . . . insofar as the liability and medical payments coverages are concerned;" (2) it was ". . . under no obligation to defend the estate of Charles Stephen Davis . . ." from any claims or suits arising out of the accident; and (3) the defendants be barred and enjoined from asserting any claims against it on account of "bodily injuries or medical payments" sustained at the time of the accident. The Carters were not named as defendants in this declaratory judgment action.

Sometime after the declaratory judgment action, (1) Debra Kay Halter brought suit in February, 1976, for the wrongful death of her husband against the administrator of Davis' estate, Donald C. and Shirley Carter[3] and Kirchner (Levi Service); (2) Raymond James Miller, through his next friend, brought action probably in February, 1976, for personal injuries against the administrator of Davis' estate (McColloch), Henry Steve Kirchner (Levi Service)[4] and the Carters; and (3) Lawrence Michael Donnelly commenced an action sometime prior to March 23, 1976, for personal injuries.

On February 20, 1976, Raymond James Miller filed in the Emcasco declaratory action two motions "For Joinder Of Persons Needed For Adjudication." One motion sought to add State Farm Mutual Insurance Company which is not involved in this proceeding. The other motion, which causes the controversy in this proceeding, sought to add in the declaratory judgment action Donald C. and Shirley Carter as parties defendant because ". . . they ought to be party defendants if there is to be a full and complete determination of the controversy . . .." An affidavit in support of this motion stated that at the time of the accident Emcasco had in effect a contract insuring the Carters and that the plaintiff (Emcasco) is seeking to avoid defending the Carters and seeking to avoid responding in damages which might be rendered against them; hence, the affidavit stated that the Carters have an interest in the outcome of the declaratory judgment action, and, if a disposition of the action would be made in their absence, such disposition ". . . might impair and impede their ability to protect their interest."[5]

In March, 1976, Emcasco, because of suits filed by Miller and Donnelly alleging injuries as a result of the accident and which joined Henry Steve Kirchner (Levi Service) as a defendant, moved to add Kirchner as a party defendant in the declaratory judgment action and sought leave to file an amended petition of declaratory judgment to include Kirchner d/b/a Levi Service.[6]

3. Bobby Joe Carter was also made a defendant in the action. But there is no indication who Bobby Joe is other than it is alleged that he is an owner together with Donald and Shirley.

4. The petition alleged that Davis was an agent of Levi Standard Service and that he was driving with the permission of the Carters. State Farm Mutual Insurance Company insured Kirchner and his business. The record does not indicate the exact date of the filing of the petition.

5. Relator filed suggestions in opposition to the motion. It contended that the Carters had insurance, that they were not parties and the only issue was whether they gave permission to drive to Davis. They argued that the Carters were not necessary parties because ". . . there is no issue involving them and no question of their liability in the accident or coverage under the policy. No declaratory relief is prayed for as to these parties [The Carters],

nor is there any declaratory relief to be granted as to these parties. There is no justiciable controversy as to these parties."

6. The second amended petition alleged that, if Davis was operating the automobile while employed by Kirchner, Kirchner was engaged in an automobile business and under the terms of the policy there would be no coverage under exclusion (g) as Davis would have been operating or using the automobile while "employed or otherwise engaged in the automobile business." Exclusion (g) provides that this policy does not apply "to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership."

On April 9, 1976, the three separate motions (two by Miller and one by Emcasco) were heard by respondent. Miller's motion to add State Farm was sustained, Emcasco's motion to add Kirchner (Levi Service) was sustained, and, over objection, Miller's motion to add the Carters was also sustained. Since Kirchner was added as a party, Emcasco filed a First Amended Petition for a declaratory judgment adding Kirchner as a party, and later filed its Second Amended Petition adding State Farm Mutual Insurance Company, the insurer of Kirchner (Levi Service).

At the time therefore of filing its petition for a writ of mandamus in this court on May 19, 1976, Emcasco sought its declaration of rights against (1) Larry Michael Donnelly, (2) Raymond James Miller, (3) Charles and Mildred Halter, (4) Debra Kay Halter, (5) Andrew McColloch (Davis' administrator), (6) Henry Steve Kirchner (Levi Service), and (7) Kirchner's insurer, State Farm. The Carters were not made parties defendant in the original declaratory judgment action by Emcasco but were added upon the motion of Raymond James Miller.

### III

■ Emcasco filed its petition seeking mandamus in this court to order the respondent to vacate its April 9th order adding the Carters as necessary parties to the declaratory judgment action. In its petition for mandamus it alleged the above facts and contended that Miller's motion to add the Carters and the affidavit in support

thereof ". . . failed to state any grounds . . . to show any justiciable controversy between . . ." it and the Carters. It contended that the only question as to declaratory relief was ". . . whether permission was granted for the use of the automobile . . ." to Davis when it was involved in the accident and that no declaratory relief was sought by Emcasco against the Carters. The petition alleged that the declaratory action stated no claim against the Carters, and that the Carters have no interest in the outcome of the declaratory judgment action since no relief is sought as to them and no declaration is sought denying them coverage under their policy. Emcasco contended further that it believed that the defendants (or at least some of them) in the declaratory judgment suit intended to "raise the point" that the Carters, if they are joined in accordance with the respondent's April 9th order, would not be competent to testify as to whether or not permission was granted by them to Davis under the provisions of the so-called Dead Man's Statute, § 491.010, RSMo.[7] Emcasco contended that the Carters would not be precluded from testifying but, by adding the Carters as parties, a "false issue" would be raised which would impede the determination of the declaratory judgment action and result in further extended litigation. For all these reasons, Emcasco alleged that the Carters "have no interest in the outcome of the declaratory judgment" action and since they are not "necessary" parties there has been a "misjoinder." The trial court therefore exceeded its jurisdiction in sustaining Miller's motion to add the Carters.

---

7. While it is not necessary for our decision, we believe that the Dead Man's Statute, § 491.010, is not applicable to this declaratory judgment action filed by Emcasco. Davis is not an original party to the contract or cause of action in issue and on trial. The cause of action in issue and on trial in this proceeding is the question of permission by the Carters and the extent of coverage to Davis. Even if the Carters were joined in this declaratory judgment action, we believe the Dead Man's Statute would not be applicable because the original parties to the contract or cause of action in issue and on trial

(the insurance company and the Carters) are not dead. The fact that Davis and Halter are dead does not bring *this* declaratory judgment action within the operation of the Dead Man's Statute. This action is a different one from the actions brought by the widow of Halter and the actions by Donnelly and Miller against the administrator of Davis' estate. We do not, of course, rule on that issue. Cf. *State v. Daues*, 314 Mo. 13, 283 S.W. 51, 45 A.L.R. 1466 (Banc 1926) and *Grimm v. Gargis*, 303 S.W.2d 43, 74 A.L.R.2d 599 (Mo.1957).

After suggestions in support of and in opposition [8] to the petition for mandamus and after relator's reply,[9] we issued our alternative writ on June 18, 1976.

## IV

In its brief relator makes the following points: (1) mandamus is a proper remedy to compel the respondent to vacate the order sustaining the motion to add the Carters to the declaratory judgment action because (a) they have no interest in the outcome of the litigation, (b) they are not "necessary" parties, and (c) the respondent exceeded his lawful jurisdiction and abused his discretion in adding the Carters; (2) the respondent abused and exceeded his jurisdiction by sustaining the motion of Miller to add the Carters as parties to the declaratory action because as a matter of law they are not "necessary" parties since they will not be affected either by (a) the outcome of the issue as to whether permission was granted to Davis or (b) the outcome of the issue as to whether coverage is excluded under the "automobile business" exclusion; and (3) the ruling of the respondent was erroneous because no justiciable controversy exists between Emcasco and the Carters since the declaratory judgment action is one to determine only whether Davis had permission of the Carters to operate the automobile and to determine whether Davis was using the automobile in an "automobile business" under the exclusion clause. A judgment in the declaratory action on either of these issues therefore would have "no bearing on coverage owed to" the Carters.

Relator argues that under Rule 52.04 full and complete relief can be accorded between Emcasco and those parties already the defendants in the declaratory judgment suit without the Carters, and the resolution of the issue of permission does not require the presence of the Carters. They argue that Rule 52.04 requires joinder of an additional party only if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may impair or impede his ability to protect that interest. Since Emcasco has not denied coverage to the Carters or refused to defend them in any suit filed against them and admitted that the policy was in effect, Emcasco argues that the Carters have no interest to protect and have no interest in the outcome of the litigation, hence, their interest cannot be impaired or impeded. Relator relies on *State v. Vardeman,* 409 S.W.2d 672 (Mo. banc 1966), and other decisions,[10] and ar-

---

8. The suggestions in opposition contended that the Carters were necessary for a complete adjudication of the declaratory judgment because Emcasco had a contract of insurance insuring the Carters against liability and because there are issues of fact and law common to both Emcasco and the Carters.

9. Relator in its reply argues that respondent "misconstrues the situation." Emcasco has not denied coverage to the Carters; it intends to and is defending the Carters in these litigations, and by stipulation has stated that it has forwarded to its defense counsel the suits of Miller and Halter "for the purpose of defending" the Carters in "those actions which arise out of the occurrence and collision mentioned in the Petition for Declaratory Judgment when the Carters are served . . .." They point out that where the action for declaratory judgment alleges that the policy is void, or that a provision of the policy has been breached, or where the insurer contends that the insured is not entitled to coverage, then the insured is a "necessary" or "proper" party to the declaratory judgment action. But, where the action is filed to determine only whether a third person had permission and no coverage is being denied and no relief sought against the insured, the insured should not be joined. ". . . [T]he insured . . . is a proper and necessary party only in a situation where the insurance company is attempting to deny coverage to the named insured under the policy, and is not a proper *and* [sic] necessary party in the situation involving a question of permission granted under the omnibus clause where the only contention is whether a third party had permission to operate the automobile and coverage was thus extended to that third party. In such a situation the insured has no interest in the outcome of the controversy, there is no controversy existing between the named insured and the insurance company subject to declaratory relief, and the named insured is thus not a proper party and should not be joined in the action."

10. 20 Appleman, Insurance Law and Practice, Ch. 378, § 11371, p. 170 (1963); *St. Paul Fire & Marine Ins. Co. v. Aetna Cas. & Sur. Co.,* 357 F.2d 315 (10th Cir. 1966); *Ohio Casualty Ins. Co. v. Maloney,* 44 F.Supp. 312 (E.D.Pa.1942)

gues that where the declaratory judgment is filed merely to determine the issue of permission, " . . . then the named insured is not a necessary party . . . ." Emcasco concludes:

> "Thus, it is clear from an analysis of the Civil Rules and cases that the insured under a policy of insurance is a proper and necessary party only in a situation where the insurance company is attempting to deny coverage to the named insured under the policy, and is not a proper and necessary party in the situation involving a question of permission granted under the omnibus clause where the only contention is whether a third party has permission to operate the automobile and coverage was thus extended to the third party. In such a situation the insured has no interest in the outcome of the controversy, there is no controversy existing between the named insured and the insurance company subject to declaratory relief, and the named insured is thus not a proper party and should not be joined in the action."

As to the issue concerning the use of the vehicle in the automobile (service station?) business, relator argues that the exclusion would not apply to the Carters because this exclusion " . . . does not apply to the named insureds . . . ," therefore any declaration as to this issue could have no effect on the rights of the Carters. Such exclusion is not applicable to them and therefore they have no interest in the outcome of that issue, hence, are not "necessary" for a determination of the declaratory action.

Lastly, relator argues that, while Rule 87.04 requires that all persons who have or claim any interest which would be affected by the declaration shall be made parties, the Carters have no interest in the outcome of the declaratory judgment since Emcasco admits coverage for the Carters, admits it must defend them in any action against them, and admits it must afford coverage for them should they be subject to liability.

Hence, there is no controversy between relator and the Carters.

The respondent, on the other hand, contends in its brief that (1) mandamus is not a proper remedy, (2) the respondent acted within the proper limits of his judicial discretion in sustaining the motion to add the Carters " . . . for the reason that if not 'necessary parties' under Supreme Court Rule 52.04 they are at least 'permissive parties' under Supreme Court Rule 52.05" and (3) the issue of permission necessarily involves an "adverse interest" of the Carters creating a justiciable controversy between Emcasco and the Carters which is ripe for adjudication.

## V

The precise issue thus presented by this proceeding, as we perceive it, is whether the trial court exceeded its discretion in adding the Carters as "necessary" parties to the declaratory judgment action when Emcasco (1) admits coverage under the policy to the Carters, (2) admits that it must defend the Carters even as to false or fraudulent claims, (3) had undertaken a defense of the Carters in the suits filed by the injured or dead passengers, (4) has not joined the Carters in the declaratory judgment suit, and (5) has not sought a declaration or relief against them. The only issue in the declaratory judgment action is whether the Carters extended permission to Davis to operate the vehicle. The issue is not whether the Carters are "proper," "necessary" or "indispensable" parties in a situation where it is alleged that the policy is void, or that a provision has been breached, or where the insurer contends that the insureds are not entitled to coverage.

Or, to state the issue somewhat differently, where (1) the insurer does not deny coverage to the insured, (2) the insurer affords a defense to the insured on suits filed against the insured, and (3) the only issue is whether the insured gave permission to an operator of the vehicle so that coverage may be afforded the permittee, are the insureds [the Carters] "necessary" parties

to a declaratory judgment action filed by the insurer to determine its rights and liabilities under an insurance liability policy?

## VI

Fed.Rules Civ.Proc. 19 and its Missouri counterpart, Rule 52.04, are the modern procedural devices to solve the age-old complex issue of when parties should or must be joined or added to pending litigation in order to have a complete determination of the controversy. Rule 19 and Rule 52.04 present a new approach to this age-old question.[11] Rule 52.04 deals with "necessary" and "indispensable" parties only. It does not deal with "proper" parties under the permissive joinder rule, 52.05. The question of adding or joining parties is a different one from permissive joinder or such modern procedural devices as third party practice. At one time, the general principle dealing with adding parties was as stated in *Shields v. Barrow,* 17 How. 130, 15 L.Ed. 158 (1855). There, in a rescission case, the Supreme Court of the United States attempted to categorize persons who should or must be added to the litigation:

" . . . Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. . . ." 15 L.Ed. at 160.

"Indispensable" parties were denominated as:

" . . . Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Ibid.*

Prior to the modern approach, the older rules (both equity and prior Rule 19, F.R.C.P.[12] and Rule 52.04 V.A.M.R.) tended to emphasize the classification of parties as "necessary" or "indispensable."

The new rule requires various steps in the process to determine whether a person or persons should or must be added to pending litigation. Under the modern Rule 52.04, subdivision (a) deals with persons who should be joined if feasible, and subdivision (b) then deals with the determination which is to be made if joinder is not feasible under subsection (a). The emphasis under the new rule is no longer on whether a party is to be categorized as "necessary" or "indispensable" but the emphasis is placed on pragmatic considerations in each individual case. The first step in the escalation process is the determination of whether the absent party or parties should be joined if feasible under the criteria of Rule 52.04(a).[13]

If such a party meets the criteria of Rule 52.04(a) and is subject to the jurisdiction of the court, he should be made a party. If he cannot be made a party, then the court must determine whether to proceed in his absence or whether the action is to be dis-

11. See Comments, The Mechanics of New Rule 19 and the Challenge to Its Validity, 12 St. Louis U.L.J. 119 (1967).

12. For a history and explanation of Rule 19, see Wright, Federal Courts, § 70, pp. 335–339 (3d ed. 1976) and 3A Moore's Federal Practice, ¶ 19.07, pp. 2219–2263 (2d ed. 1974).

13. "A person shall be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . ." Rule 52.04(a).

missed. The new emphasis [14] under the modern rule requires that the decision be made upon "pragmatic considerations" to determine whether the specific case may proceed in the absence of a party or whether the action is to be dismissed. In making such a determination, various factors are to be considered as outlined in subdivision (b), Rule 52.04. The new rule

> " . . . commands the courts to examine each controversy to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968).

Our Supreme Court recently has had the opportunity and occasion to discuss the new approach relative to nonjoinder and dismissal. In *Kingsley v. Burack*, 536 S.W.2d 7 (Mo. banc 1976), the court stated that

> "[t]he rule proceeds on the basis that a person may be conceptually necessary but nevertheless allows the suit to proceed unless the absent party is pragmatically indispensable in the particular case. Whether or not a person is an indispensable party must be determined by applying the criteria of the rule, and the finding of indispensability is the end result—not the starting point." *Kingsley v. Burack*, supra, 536 S.W.2d at 11.[15]

Under the modern approach, therefore, it must first be determined under Rule 52.04(a) whether the absent person is to be joined and, after it is determined that he should be so joined, then the particular case must be examined in the light of the factors in subdivision (b) to determine whether the action may proceed in the absence of the nonjoined party or is to be dismissed. Tested by these modern principles, we hold that the Carters are neither "necessary" nor "indispensable" parties and should not be added to the declaratory judgment action.

In this proceeding, the Carters are surely not "indispensable" parties. Their rights are not so entangled with others so that the Court cannot grant relief in the declaratory judgment action. Rather we deal here, unlike *Kingsley v. Burack*, supra, with the first step in the process—whether, under subdivision (a) of Rule 52.04, the Carters, the absent persons, are to be joined if feasible and are therefore "necessary."

Rule 52.04(a) is applicable when nonjoinder would have either of the following effects: (1) it would prevent complete relief from being accorded among those who are parties to the action, or (2) the absentee " 'claims an interest relating to the subject matter of the action and is so situated' " that his absence from the action will have a prejudicial effect on his ability to protect his own interests or will " 'leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.' " 7 Wright & Miller, Federal Practice and Procedure, § 1604, p. 33 (1972).

The Carters need not be joined under 52.04(a)(1) since complete declaratory relief can be accorded among those already parties to the action if the Carters are not joined. The only issue to be decided in the declaratory judgment action is whether or not the insurance policy covered Davis at the time he was involved in the accident. There is no question that the Carters were covered by the policy, and they need not be joined as parties defendant in order to resolve the issue of whether Davis was also covered by that policy.

The Carters also need not be joined under 52.04(a)(2) since they have no

---

14. One of the catalysts for the modern approach was the excellent analysis and proposals of Professor Reed—Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327, 483 (1957).

15. See also *Wright v. First National Bank of Altus, Oklahoma*, 483 F.2d 73 (10th Cir. 1973) discussed in *Kingsley v. Burack*, supra, 536 S.W.2d at 11.

sufficient "interest relating to the subject of the action." As we read Rule 52.04(a)(2) it requires that a person shall be joined if he claims an interest relating to the subject of the action *and* is so situated that the disposition of the action in his absence may have the effects set forth in 52.04(a)(2)(i) and (ii). The language is in the conjunctive. An "interest" which compels joinder does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action. It must be such a direct claim upon the subject matter of the action that the joined party will either gain or lose by direct operation of the judgment to be rendered. *Bunting v. McDonnell Aircraft Corporation,* 522 S.W.2d 161, 169[12–14] (Mo. banc 1975) (quoting from *State v. Vardeman,* supra, 409 S.W.2d at 677).

█ Under the principles above, the Carters are not "necessary" parties. Under Rule 52.04(a), complete relief can be accorded among those who are already parties to the proceeding. The Carters are not so situated that the disposition of the declaratory judgment action will, as a practical matter, impair or impede their ability to protect their interest in the policy or leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of any claimed interest of the Carters.

The declaratory judgment action has only one goal—to determine whether or not Davis had permission to use the vehicle by the Carters and was thus afforded coverage under the omnibus clause. If that issue is determined in favor of the insurer, that ends the issue, but if it is found that Davis did have permission, that does not end the matter as to the insureds—the Carters—but that issue can still be litigated in the subsequent or pending suits against them; hence, any fixed limitations in the policy by application of the proceeds to Davis would not prejudice the Carters in subsequent litigation.

Our conclusion that the Carters are not "necessary" parties to the declaratory judg-

ment action is consistent with authorities in other jurisdictions. Authorities have held that a named insured is neither a "necessary" nor "indispensable" party to a declaratory judgment proceeding where the insurer does not deny coverage to its insured and affords, under its policy, a defense to the insured against claims by third parties.

In *Northwest Cas. Co. v. Kirkman,* 119 F.Supp. 828 (M.D.N.C.1954), the insurer brought a declaratory judgment action against the driver of the insured vehicle and a pedestrian who was injured. The insured was not made a party to the action. The sole purpose of the suit was to determine whether the insurer was obligated to defend the driver. The federal court would have jurisdiction unless the insured was determined to be an indispensable party. The court observed that the suit did not seek an adjudication on the question of the insured's liability to the injured party but sought only a determination of whether the insurer was required to defend the driver. The insurer conceded its obligation to defend the insured. The court held that the action sought only a determination of whether the insurer was required to defend the driver against claims. " . . . The determination of this question presents a justiciable controversy between the insurance company and the alleged additional insured and the injured claimants. The named insured is not a necessary or indispensable party." 119 F.Supp. at 830.

In *Glens Falls Indemnity Co. v. Fredericksen,* 8 F.R.D. 55 (D.Neb.1947), the insurer brought a declaratory judgment action against the estate of a deceased and others for a declaration absolving the insurer of its obligation to defend suits. The insurer issued its policy to a bank. The policy contained an omnibus clause. An employee of the bank drove the vehicle and was involved in a collision. There were two passengers in the vehicle. Suits were instituted against the bank and the driver. The insurer brought a declaratory judgment action to determine the issue of permission of the driver. The defendants filed a motion to dismiss on the ground that the bank (the

insured) was not a party to the proceeding and that the bank was an indispensable party to the action. The court was of the opinion that the bank was not an indispensable or necessary party to the action. No controversy existed respecting coverage of the bank; the only controversy was between the insurer and the driver.

" . . . The bank, itself protected under the policy in any event, is not involved in or concerned about any dispute between the plaintiff [insurer] and [the driver's] personal representative touching [the driver's] coverage. The parties really interested and participating in the controversy are before the court." *Glens Falls Indemnity Co. v. Fredericksen,* supra, 8 F.R.D. at 59.

It was the court's conclusion that the bank was not a necessary party defendant in the action because

" . . . in this case, the court, without the presence before it of the bank, will be able completely and finally to adjudicate and determine the only controversy inspiring the proceeding, as to all parties having even the slightest real interest in that controversy. Those persons are already here." 8 F.R.D. at 60.

In *Ohio Casualty Ins. Co. v. Maloney,* supra, the insurer sought a declaratory judgment and the only question was whether the insured's employee, as operator of a vehicle, was covered under the omnibus clause. The employee was employed by a dairy company. He was hired to deliver milk, but one day after completing his duties, without the knowledge of the dairy, took one of his employer's trucks and transported a quantity of beer to a picnic. While returning he was involved in a collision which resulted in injuries to certain defendants in the declaratory judgment action. It was argued that the cause should be dismissed because the employer was not made a party. The court thought

" . . . it is sufficient if those persons be joined as parties defendant with whom the plaintiff has an actual controversy. . . . In the instant case, there is no controversy between the plaintiff and the [dairy]; neither is the proceeding aimed at adjudication of any rights as between any of the defendants and the [dairy]. Such rights, if any, will be unaffected by the judgment rendered in this case. The controversy being, as alleged in the complaint, only as to whether or not [the driver] as operator of one of the trucks of the [dairy], which was insured by the plaintiff, is covered and protected by the terms of the insurance policy, the judgment rendered in this case will settle that question and no other." *Ohio Casualty Ins. Co. v. Maloney,* supra, 44 F.Supp. at 314.[16]

Respondent relies on several authorities [17] which, he contends, support his argument that the insureds—the Carters—are "necessary" parties to this proceeding. These authorities are not dispositive of this proceeding. Several of these decisions dealt with the question whether the federal courts have jurisdiction of the subject matter based on diversity of citizenship. They each dealt with the proper alignment of parties to determine jurisdiction of the court based on diversity. In *Boyle,* for example, the insurer sought a declaratory judgment under a policy of insurance and to enjoin the prosecution of actions commenced in a state court against the insured. The action was brought against the claim-

---

16. See also, *St. Paul Fire & Marine Ins. Co. v. Aetna Cas. & Sur. Co.,* supra, 357 F.2d at 316; Annot., 8 A.L.R. Fed. 738, 744–747 (1971); Annot., 22 A.L.R. Fed. 765, 807–809 (1975); 20 Appleman, Insurance Law and Practice, § 11371, p. 170 (1963); Annot., 71 A.L.R.2d 723, 747–752 (1960).

17. *Maryland Casualty Co. v. Boyle Const. Co.,* 123 F.2d 558 (4th Cir. 1941); *State Farm Mut. Automobile Ins. Co. v. Hugee,* 115 F.2d 298,

132 A.L.R. 188 (4th Cir. 1940); *Auto Mut. Indemnity Co. v. DuPont,* 21 F.Supp. 606 (D.Del. 1937); and *Home Fire & Marine Insurance Co. v. Schultz,* 80 N.M. 517, 458 P.2d 592 (1969); 18 Couch on Insurance, § 74:611, p. 557 (2d Ed. 1968) citing in addition to the above, *C. E. Carnes & Co. v. Employers' Liability Assur. Corp.,* 101 F.2d 739 (5th Cir. 1939); 6A Moore's Federal Practice, ¶ 57.25 (2d Ed. 1976).

ants and the insured as defendants. There was no bona fide controversy between the insurer and the insured as to the meaning or coverage of the policy; the coverage was not in dispute and the insurer admitted its obligation to defend the insured. The precise issue was whether the insured was to be aligned with the claimants so that jurisdiction existed in the federal system, or whether the insured was to be aligned with the insurer which would defeat jurisdiction of the subject matter. These decisions held that, where the insurer and the insured have the same interests, the fact that the insurer attempts to join the insured on the same side of the controversy as the claimants so as to have complete diversity does not give the federal courts jurisdiction of the subject matter. If there exists a bona fide controversy over the meaning or coverage of the policy, then the insured is an indispensable party to any suit to settle that controversy.[18]

*Home Fire & Marine Ins. Co. v. Schultz,* supra, also relied upon by respondent, is not dispositive of the issue here. There the insurer sought declaratory judgment against its insured and the party injured to establish that the insured had breached the cooperation clause of the policy. In that instance the insured was not only a necessary party but also an indispensable party.

Neither is *Auto Mut. Indemnity Co. v. DuPont,* supra, controlling in this proceeding. In *DuPont* it was held that the insured was an indispensable party to a proceeding brought by the insurer where the insurer sought to have the policy declared void for breach of a condition and to declare that the policy was not in force at the time of the accident. Obviously, in such a situation, the insured is a necessary party for his rights would be affected.

Certain language in *Provident Tradesmens Bank & Trust Co. v. Patterson,* supra, may give credence to the respondent's position that the Carters are "necessary" parties for a complete determination of Emcasco's declaratory judgment controversy. In that decision, after certain tort actions had been brought against the estate of a driver, and after one of the actions was settled for a specified sum, the estate of one of the passengers who was killed (Lynch) brought a diversity action for a declaration that the driver's use of the car had been with the permission of the insured (Dutcher). The named defendants were the administrator (Patterson) of the estate of the driver (Cionci) and the insurance company (Lumbermens) which insured the owner of the vehicle (Dutcher). Dutcher was a resident of Pennsylvania as were all the plaintiffs. The specific question was whether under Rule 19, Dutcher, the insured, was an indispensable party to the declaratory judgment action to determine whether the automobile was being driven by Cionci within the scope of the permission of the insured (Dutcher). In the course of the opinion, holding that the insured was not an "indispensable" party to the proceeding under the factors outlined in subdivision (b) of Rule 19, the Supreme Court stated:

"We may assume at the outset, that Dutcher falls within the category or persons who, under § (a), should be 'joined if feasible.' The action was for an adjudication of the validity of certain claims against a fund. Dutcher, faced with the possibility of judgments against him, had an interest in having the fund preserved to cover that potential liability. Hence there existed, when this case went to trial, at least the possibility that a judgment might impede Dutcher's ability to

---

18. *Boyle* and *Hugee,* supra, were distinguished in *Northwest Cas. Co. v. Kirkman,* supra, on the ground that in each of these cases the insured was joined as a party defendant; there was no controversy between the carrier and the permittee with respect to coverage or noncoverage of the additional insured on the grounds of lack of permission, and it was conceded that the policy covered the driver of the insured vehicle. In *Kirkman,* a real controversy existed whether the driver was using the automobile with permission, and in such instance the determination of " . . . this question is of no vital concern to [the insured], nor is its determination conclusive as between the defendants and [the insured]." *Northwest Cas. Co. v. Kirkman,* 119 F.Supp. at 830.

protect his interest, or lead to later relitigation by him." 88 S.Ct. at 737.

This language in *Provident* is not controlling. There are significant differences between *Provident,* supra, and this proceeding. In *Provident,* the *estate* of one of the passengers was the declaratory judgment plaintiff; there was a fund involved; there were adverse interests between the declaratory plaintiff and Dutcher, the insured. These factors are absent in the proceeding before us. There is no real controversy or adverse interests between the insureds, the Carters, and the relator here, and there is no fund before the court. The insurer, Emcasco, is the declaratory plaintiff seeking a declaration against the claimants and the driver of the Carter vehicle (Davis). The precise issue before the Supreme Court in *Provident* was not whether Dutcher was a necessary party (the first step in the process under Rule 19) but whether the court could proceed in view of the factors outlined in subdivision (b) without his presence. Hence, we believe that the language in *Provident,* supra, is not conclusive of the issue in this proceeding.

### VII

We have thoroughly reviewed and analyzed the various authorities and conclude that under the facts of this case, the insureds, the Carters, are neither necessary nor indispensable parties for a complete determination of the declaratory judgment proceeding pending in the trial court. Their addition is not required under Rule 52.04(a), nor is their addition required or necessary under the judicial decisions analyzed above. We hold therefore that, where a declaratory judgment action is instituted by an insurer against certain claimants and the driver of a vehicle to determine the sole issue of whether the driver had permission of the insured, and the insurer does not deny coverage to the insured but affords the insured a defense under the terms of the policy, the insured is neither a necessary nor indispensable party pursuant to Rule 52.04. Our result in no way affects the question of coverage as between Emcasco and the Carters.

### VIII

The issue remains whether mandamus is the proper remedy. We hold that it is. While the trial court has discretion in the first instance to determine whether a party sought to be joined is a "necessary" party, when the question is one of law, mandamus may properly be issued when the court has exceeded its lawful jurisdiction in ruling on a matter of joinder, and mandamus may properly be issued when the writ is used to prevent the joining of a party as well as to require the court to join a party. *State v. Vardeman,* supra, 409 S.W.2d at 675 [construing Rule 52.04 before its amendment in 1972].

### IX

We have read the entire record, we have thoroughly reviewed the authorities relied upon by the parties and are convinced that our alternative writ heretofore issued must be made absolute.

Writ absolute.

KELLY, P. J., and GUNN, J., concur.