**In re C. H. COZEAN, Guardian of Clarence A. Barbro, Respondent,**

v.

**William and Wilma M. HEISLER, Appellants.**

No. 42598.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 3, 1981.

Joseph E. Furtaw, Hillsboro, for appellants.

James E. Bowles, Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for respondent.

CLEMENS, Senior Judge.

This appeal arises from a suit in equity by the plaintiff, guardian of Charles A. Barbro. He sought to set aside his ward's pre-adjudication quit-claim deed to defendant-appellants William A. and Wilma M. Heisler. The trial court granted the relief prayed and defendant-grantees have appealed. We affirm.

In September, 1976, because of his senility, Mr. Barbro, then seventy-five years old, was hospitalized at a St. Louis hospital. The next month he was transferred to State Hospital No. 4 at Fulton for further psychiatric treatment. He was still a patient there five months later when he executed the challenged quit-claim deed to his stepdaughter Wilma and her husband William. Six weeks later Mr. Barbro was adjudicated incompetent by the probate court of St. Francois County.

This suit to set aside the deed quickly followed; the trial court found against the grantee-defendants and they appeal.

In finding for plaintiff-guardian the trial court by its decree found the facts to be: Defendant Wilma had managed Mr. Barbro's affairs and they had a confidential relationship; when Mr. Barbro was transferred to the State Hospital in October of 1976 he had an organic brain syndrome and psychosis associated with arteriosclerosis; on March 29, 1977 defendant Wilma took Mr. Barbro from the hospital to a notary public and had him execute the quit-claim deed her lawyer had prepared; there was no consideration for the deed; because of his mental disability Mr. Barbro did not understand that by the quit-claim deed he was conveying property to defendants; Mr. Barbro then lacked the mental capacity to execute the deed. The court found the only credible evidence of Mr. Barbro's mental condition came from plaintiff and that offered by defendants to the contrary was void of credibility.

Under Rule 73.01.3.(b) we give due regard to the trial court's opportunity to judge the witnesses' credibility. We may reject its finding of facts only when there is no substantial evidence to support it. *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo.banc 1976). We have fully considered the evidence and find it does support the decree.

■ Defendants contend the trial court erred in considering Mr. Barbro's hospital records because they were identified only by a clerk rather than a "custodian" as mentioned by Sect. 490.680 RSMo. 1979. The clerk was in the hospital's medical records department. The cited statute provides for the admission of records when prepared by the custodian "or other qualified witness". The trial court did not abuse its discretion in admitting the record clerk's testimony. Compare *Rossomanno v. Laclede Cab Co.*, 328 S.W.2d 677[7–14] (Mo. 1959).

■ Defendants challenge the medical opinion of hospital psychiatrist Dr. Norma Farmer. This, on the grounds her opinion of Mr. Barbro's incompetence was based on hearsay, and had failed to state he "was not in full possession of his faculties". To the contrary the record shows on the day of Mr. Barbro's admission there was a medical staff evaluation and immediately thereafter Dr. Farmer was assigned to Mr. Barbro's care. She attended him until the time he signed the challenged deed four months later. She testified he initially was psychotic and arteriosclerotic and those conditions had worsened; that he "could not have known what he was doing when he executed the deed". We deny defendants' challenge to the doctor's opinion.

■ Defendants challenge the trial court's finding there was no consideration from them to Mr. Barbro. They contend the conveyance was a gift from a step-parent to a child and therefore no consideration was necessary. True perhaps, but for a gift to be effective the donor must have the capacity to know and understand the nature and consequences of his act. *Flynn v. Union National Bank of Springfield*, 378 S.W.2d 1[1, 2] (Mo.App.1964). See also *Huls v. Lawrence*, 300 S.W. 1004[1–3] (Mo.App. 1923), where a gift was set aside because the aged and feeble donor was ruled incompetent because he lacked "intelligence suffi-

cient to understand the act he is performing". The trial court here found a lack of such capacity, which we find is supported by the record.

■ By their last point defendants contend the trial court erred in denying their motion to add as a defendant a lender who held a deed of trust on the real estate to secure Mr. Barbro's promissory note. Defendants do not point to any interest of the lien holder that could be affected by ownership of the fee by either the plaintiff or the defendants. Under defendants' cited statute, Sect. 473.340(4), and Rule 52.04, the decision to add parties is discretionary. *State ex rel. Knight Oil Co. v. Vardeman,* 409 S.W.2d 672[3, 4] (Mo.1966). Further, the point has now become moot by the lien holder's subsequent release of the deed of trust.

We conclude the trial court did not err in canceling Mr. Barbro's deed to defendants.

· Decree affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.